JOHN J. IVES, DEFENDANT IN ERROR, v. VICTOR FREIS-
INGER, PLAINTIFF IN ERROR.

Submitted December 8, 1903—Decided February 29, 1904.

1. The care which a consignee of goods is required to take of articles
   consigned to him for sale is such care as a reasonably prudent
   man would take of his own property similarly situated.
2. If goods be returned damaged, the burthen is on the defendant
   to show that the injury is such .as might occur even with the
   exercise of the requisite care.
3. The plaintiff is entitled to recover, in such a case, the difference
   between the value of the articles returned, in their damaged
   condition, and their value undamaged.
4. The value of the damaged articles is to be determined from the
   price it is proven they would bring at a fair sale, viz., a sale of
   such articles in the usual course of the trade and business.

On error to the Hudson Circuit.

For the plaintiff in error, *George A. Bourgeois.*

For the defendant in error, *J. Herbert Potts.*

The opinion of the court was delivered by

FORT, J. This was an action by a consignor to recover from
his consignee for goods consigned for sale, in the ordinary
course of business, and returned damaged or destroyed or
not returned at all. The small claim for $40.50 for goods
not returned, or, as stated in the admission upon the record,
"merchandise unaccounted for," was not disputed. The
articles delivered to the consignee were invoiced at $2,390.30.
All· were accounted for or returned. The controversy was
over articles of glassware of an invoiced value of $358.50,
alleged to have been returned in a damaged or unsalable
condition. There was also· a question as to whether the con-
signee must pay the return freight upon the goods consigned
and returned unsold; but, as the trial judge directed the
jury not to allow this item, the plaintiff in error, in whose

interest the direction was made, is not in a position to raise the question as to the correctness of this ruling.  He was not injured.

The proof in the cause as to the damaged condition of the articles returned was conflicting and this disputed question of fact was for the jury.

Some of the damaged goods were sold upon their return at auction and realized $184.09, which amount was credited upon the disputed claim by the plaintiff, as was an item of $13.10 for articles in the returned goods found to be merchantable.

A consignor of goods is entitled to have his goods paid for at the price invoiced to the consignee, or returned in as good condition as reasonable care will permit.

The care which a consignee is required to take of goods consigned to him for sale is such care as a reasonably prudent man would take of his own property similarly situated.

If the consignee fails to exercise such care and the goods are damaged, he must account for the loss resulting therefrom.

What is reasonable care, in a given case, is for the jury, as well as whether such care was observed by the consignee.

If the goods be returned damaged, the burthen is upon the defendant to show that the injury was such as might occur even with the exercise of the requisite care.  On this point, in this case, the trial judge charged the jury as follows:

"The goods were consigned, they were not sold, they were consigned to the defendant in this suit.  And the law is that where a person has goods consigned to him, they are his goods while he has them, and he must take the same care of consigned goods as a prudent man would exercise in the conduct of his own business and in the handling of his own goods. If he does that, then he would not be liable for such damage as would occur in the ordinary course of business, unless it was proved that he was negligent and careless."

This may not be a very clear, but it cannot be said to be an inaccurate, statement of the law.  It was substantially

in the language of the defendant's first request to charge upon this branch of the case.

The other objection is to the charge of the court upon the question of the amount of recovery for the damaged goods.

We are unable to find any error in the charge upon this question. There was no statement to the jury that the price the articles brought at auction was the proper measure of their value. On this point, in the case, the trial judge said:

"Mr. Wetton and Mr. Wilson say that the goods that were salable were sold for $184; that those that were not salable are in the store yet. If they are not salable, then have they a value?

"As I understand the testimony—you will remember it—all of these goods that were salable and had value were sold, and the balance, which were not salable, were laid away. If, upon the other hand, you find that there were goods there which were not sold and which had a value, then the defendant is entitled to credit for them.

"It is a question for you, and it is a question of fact, and it is a question which you should have your minds clear upon and not guess at.

"If you find that the goods, which were received, were in perfect condition and were sent back in this bad condition, and that all that they would bring was $184 at a fair sale, then you would have to allow the plaintiff the difference. As I say, the defendant claims that the goods were in as good condition when they were reshipped as they were when they were received. This is a question of fact for you from the evidence."

Reading the whole charge from which this extract is taken, it is clear that from it the jury understood the correct rule for their guidance, namely, they were not bound by the price which the articles brought at auction, but were, from the evidence, to determine what the articles returned and alleged to be damaged would, if damaged as alleged, bring at a fair sale—a sale of such articles in the usual course of the trade and business. It is quite clear that the jury understood that

they were to credit on the claim for the damaged articles the fair market value of the damaged goods returned.

There is no error in the record and the judgment of the Hudson Circuit Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY.   13.

*For reversal*—None.